NOT FOR PUBLICATION                                                  **CLOSED**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | : | |
|---|---|---|
| VIOLA COLEMAN, | : | Civil No. 06-3247 (JLL) |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION & ORDER** |
| v. | : | |
| | : | |
| BROAD STREET HOTEL, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**LINARES, District Judge.**

This matter comes before the Court on Plaintiff Viola Coleman's ("Coleman" or "Plaintiff") request to file a Complaint without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of poverty and further submissions, the Court finds that Plaintiff qualifies for non-prisoner in forma pauperis status pursuant to 28 U.S.C. § 1915. Based on her affidavit of indigence, the Court (1) grants Plaintiff's application to proceed in forma pauperis, and (2) directs the Clerk of the Court to file the Complaint without pre-payment of the filing fees or security. 28 U.S.C. § 1915(a).

Having reviewed the Complaint to identify a cognizable claim as required under 28 U.S.C. § 1915(e)(2), the Court concludes that Plaintiff's Complaint should be dismissed as frivolous.

1

**BACKGROUND**

Plaintiff filed a Complaint which was received by the Court on July 17, 2006. The Complaint is titled "Contract with respect to show cause (Court Rule 4:50-1) and attempt to stay (N.J. Statute 2A-42-10.1." (Compl. at 1). Plaintiff brings the instant action in federal court in order to secure her presumptive right to present new witnesses and newly-collected evidence which relate to a state action currently on appeal. (Compl. at 1). Plaintiff seeks "[a] fair trial with witnesses present to support the plaintiff's receipt as not being fraudulent ... an accurate observation of all supporting evidence from the defendant... a consideration of ads place[d] for the dwelling with respect to rends received ...." (Compl. at 2). Plaintiff maintains that such requests have been ignored by New Jersey Superior Court Judge Hector DeSoto, J.S.C. and Appellate Judge Jose L. Fuentes, J.A.D. (Compl. at 2).

**DISCUSSION**

**A.      Standard of Review**

After a court makes a decision that a plaintiff is qualified for pauper status pursuant to 28 U.S.C. § 1915, the court must then "screen" the Complaint to determine whether the plaintiff's complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). A claim is said to lack an arguable basis in law if it states an "inarguable legal conclusion." Id. at 325. The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995). A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

**B. Analysis**

From the documents submitted in conjunction with Plaintiff's Complaint, it appears to the Court that the present Complaint stems from a landlord-tenant proceeding in the Superior Court of New Jersey, Law Division, Special Civil Part, Essex County. Such action was instituted by the Broad

Street Hotel as landlord and plaintiff, and named Coleman as the tenant and defendant.[1] Broad Street Hotel sought a judgment of possession of an apartment in which Coleman resided. Based upon the submissions to the Court, it appears that there was also some type of rent dispute between Coleman and the Broad Street Hotel. On June 16, 2006, Judge DeSoto entered judgment for the Broad Street Hotel. On June 20, 2006, Coleman instituted a small claims complaint against Realty Management Systems, LLC in the Superior Court of New Jersey, Law Division, Special Civil Part, Small Claims Section. Plaintiff sought $3,000 in damages. On June 22, 2006, Coleman filed an appeal of the judgment entered by Judge DeSoto pro se.

On June 28, 2006, Coleman was served with a warrant which directed Coleman to vacate her person and her belongings from her apartment in the Broad Street Hotel. Coleman was directed to vacate the premises before July 5, 2006. On June 29, 2006, Coleman filed an application which sought to have the eviction stopped. On July 10, 2006, Coleman moved in the Appellate Division for a stay of the eviction pending her appeal. Such application was denied on July 13, 2006 by Judge Fuentes. To the best of this Court's knowledge, Coleman's appeal remains pending in the Appellate Division.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. at 325. A claim is said to lack an arguable basis in law if it states an "inarguable legal conclusion." Id. at 325. Here, it appears to the Court that Plaintiff seeks a new trial, in federal court, based upon a concluded state action which is currently pending on appeal. Plaintiff seeks to introduce further witness testimony and additional documentary evidence in support of her position

---

[1] From the submissions accompanying the Complaint, the Court is unable to determine on which date such action was instituted.

against eviction. However, this Court determines that there exists no credible basis in law for such a claim.[2] Plaintiff clearly seeks relief from the June 16, 2006 judgment of Judge DeSoto and the July 13, 2006 order of Judge Fuentes, denying her application for relief from the scheduled eviction. Plaintiff has no such remedy in the federal courts, and it does not appear that she may remedy such defect by way of amendment. Accordingly, Plaintiff's Complaint is deemed frivolous and shall be dismissed.

## CONCLUSION

**IT IS** therefore on this 8th day of August, 2006,

**ORDERED** that Plaintiff's application to proceed in forma pauperis is hereby granted; and it is further

**ORDERED** that the Clerk shall file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that the Complaint may not proceed and is **DISMISSED**; and it is further

**ORDERED** that the Clerk shall **SERVE** a copy of this Opinion and Order upon Plaintiff and shall mark this file as **CLOSED**.

                                                    /s/ Jose L. Linares
                                                    United States District Judge

---

[2] Further, this Court appears to be without subject matter jurisdiction of the Complaint since courts have applied the Rooker-Feldman Doctrine as a bar to hearing any case which "is a functional equivalent of an appeal from a state court judgment." Ernst v. Child & Youth Servs. of Chester County, 108 F.3d 486, 491 (3d Cir. 1997), cert. denied, 522 U.S. 850 (1997). Here, Plaintiff's Complaint does not merely appear to be a functional equivalent of an appeal, it undisputedly *is* such an appeal.